UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

PAUL KEENE [1],           )
                          )
    Plaintiff,            )
                          )
    v.                    )   No. 14-cv-709-TCK-PJC
                          )
GC SERVICES, LP [2]       )
                          )
    Defendant.            )

## PLAINTIFF'S COMPLAINT

Plaintiff, PAUL KEENE ("Plaintiff"), through his attorney, Victor R. Wandres, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to Mims v. Arrow Financial Svcs. LLC, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

1

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Pryor, Mayes County, Oklahoma.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a business entity engaged in the collection of debt within the State of Oklahoma.

13. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff regarding a student loan.

20. The alleged debt owed arises from transactions for personal, family, and household purposes.

21. Within in the last year, Defendant has been attempting to collect on the alleged debt.

22. For over a year up to at least June 2014, Defendant has been calling at least twice per week.

23. Defendant called Plaintiff's cellular telephone at 918-530-XXXX in an attempt to collect on the alleged debt.

24. In addition to live collector's calling Plaintiff, Defendant has placed calls with prerecorded messages to Plaintiffs cellular phone.

25. Upon speaking with a live collector, Plaintiff explained that he was in a payment rehabilitation program paying a money order of $50 dollars a month.

26. Upon hearing about the rehabilitation program, Defendant stated that it was routine to call at least once a week.

27. After this initial call, Defendant called Plaintiff at least once a week asking if Plaintiff has changed his permission regarding the rehabilitation program.

28. On or around July 2013, Plaintiff informed Defendant to stop calling his work.

29. However, Defendant continued to call Plaintiff's work all the way through at least March 2014.

30. On or around March 2014, Plaintiff again informed Defendant to stop calling his work.

31. In addition to these calls, Defendants have called from various numbers including 918-379-XXXX and through Defendant's collector, Claudia at 855-229-XXXX.

32. During these calls, Defendant has threatened to garnish Plaintiff's wages.

33. Defendant called Plaintiff using an autodialer system.

34. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

35. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

36. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

37. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

38. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

39. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

41. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on

Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

42. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(a)(3) of the FDCPA by continuing to call Plaintiff at her place of employment after Plaintiff told Defendant to stop calling when Defendant continued to call Plaintiff's work after telling them to stop on numerous occasions;

   c. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt when Defendant repeatedly and continuously contacted Plaintiff multiple times per week with live collectors and automated calls and encouraging Plaintiff to discontinue his rehabilitation program;

   d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant threatened to garnish Plaintiff's wages on multiple occasions;

   e. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   f. Defendant violated §1692e(4) of the FDCPA by representing that the nonpayment of any debt will result in the garnishment of any wages of any person unless such

5

action is lawful and collector intends to take such action when Defendant threatened to garnish Plaintiff's wages on multiple occasions.

44. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, PAUL KEENE, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

46. Actual damages;

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

49. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

50. Plaintiff repeats and re-alleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

51. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency unsolicited text messages to Plaintiff's cellular telephone using an automatic telephone dialing system and/or texting system in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) Defendant repeatedly and continuously contacted Plaintiff's cellular phone multiple times per week with automated calls.

WHEREFORE, Plaintiff, PAUL KEENE, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

52. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

53. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

54. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

55. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
CONSUMER PROTECTION FIRM
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net